**H&L HOOD & LAY, LLC**
ATTORNEYS AT LAW

Rhonda Steadman Hood
Kenneth James Lay

1117 22nd Street So., Ste. 101
Birmingham, Alabama 35205

Office: (205) 323-4123
Facsimile: (205) 776-2040

August 23, 2018

Hon. David J. Smith
Clerk of the Court
U. S. Court of Appeals 11th Circuit
56 Forsyth St. N.W.
Atlanta, Georgia 30303

      RE:    Karun Jackson et al. v. Specialized Loan Servicing, LLC et. al.
             Case number:   16-16685

Dear Mr. Smith:

     As a part of this Court's opinion entered on August 3, 2018 in this appellate case, the Court instructed me to send a letter to the Clerk of this Court to show cause why the imposition of sanctions should not be entered in this case. Pursuant to that instruction and order of the Court, please accept this letter as my response to that show cause order. I do not believe that sanctions of any kind are warranted or appropriate in this matter.

     There are several reason why sanctions are not warranted and are not appropriate in this case, but these reasons can be summed up in three categories: (1) My chronic health problems and other personal issues causing request for unopposed extensions, (2) lack of any dilatory or nefarious motives in the prosecution of this matter nor any unwarranted delays, (3) the appeal is not frivolous, and was filed in good faith. I will now turn to discuss each of these issues listed here. Before I address each of these reasons specifically, I think it would be helpful for the Court to know more about my background in order to better understand my current legal practice.

## MY LEGAL BACKGROUND

     Perhaps, it would be helpful to the Court to know a little bit about my background. I spent 18 years of my legal career working in various capacities doing public interest law while I was employed by Legal Services Alabama. After

a long and well-respected career dedicated to serving the public by fighting for access to justice for low income Alabamians, I entered private practice in April 2011. In private practice, I continued to represent Alabama consumers just as I had done in my public interest law career. Because of the clients I serve and my dedication to seeking access to justice for individuals regardless of their income or ability to pay me, I am often referred cases by various sources, including the Birmingham Bar Association, the Alabama State Bar, current and retired Judges, other lawyers, and by my former colleagues at Legal Services Alabama. I am referred such cases because of my reputation in the community for taking cases which might be unpopular, complex, or difficult. I do not advertise or solicit cases and often take cases on a *pro bono* basis.

The case at issue here, the Jacksons, was one such referral from Legal Services. I took this case even though I was not being paid to do the legal work because there was a need and because the case had merit. I give this background to make clear to this Court that I had no financial motive to delay, I had no personal interest in the case, and I had certainly had no other motive to seek or cause undue delay in this matter. In sum, the longer this case goes on, the more I have to endure a financial burden, a time burden, and a work load burden. Thus, I had no motive to delay the resolution of this matter.

## THE JACKSONS' CASE

After the referral of this case, I was informed of an impending foreclosure sale which was set in January 2016. I handled this case as I have all others, which, like this one, often get referred to me when the foreclosure sale is imminent. I contacted the attorney handling the foreclosure and sought a postponement until we could look into the matter based on the complaints of my clients. The case was initially filed to assert the Jacksons' defenses to the foreclosure sale pursuant to their right to do so under paragraph 22 of the mortgage contract. However, it was actually filed the day following the foreclosure in error because the client and the attorney both gave me the incorrect date of the foreclosure sale and because initially the foreclosure attorney had indicated that the sale would be postponed. Unfortunately, the postponement did not occur due to a change of position by the mortgage servicer. The lawsuit was filed in state court in Baldwin County, Alabama. The complaint contained both state and federal claims. The Defendants chose to remove the case to

2

federal court.[1]

After the case was removed, the Defendants immediately filed a motion for a more definite statement seeking amendment of the complaint. I chose not to contest the motion for a more definite statement for two reasons. One, because I did not want to delay a case or cause unnecessary expense and time for a motion that would likely be granted anyway. Two, the complaint needed to be amended to reflect that the foreclosure sale actually took place as opposed to a threatened or scheduled sale as I first believed. For those two reasons, I advised opposing counsel and the court that the Jacksons would agree to amend the complaint.[2] Thereafter, in order to try to expedite the case and save everyone time, resources, and expenses, I asked opposing counsels if we could reach some consensus regarding which claims could move forward to avoid further motions being filed, avoid the need for further amendments, and avoid further unnecessary court hearings or rulings regarding which claims would be included in the amended complaint. In other words, the Jacksons volunteered to drop certain claims in exchange for an agreement that the Defendants would not seek to dismiss the remaining claims in order to expedite the case.[3] While an agreement was reached with Bank of America regarding amending the complaint, the other Defendants refused to allow any claims to go forward despite the mortgage contract allowing the Jacksons to file a lawsuit to contest, default, acceleration, and any foreclosure sale. Accordingly, the other Defendants moved forward with filing the motions to dismiss the entire case while Bank of America filed its answer.[4] While the amended complaint certainly could have been better, it was accepted by the magistrate judge and the district court judge, and a

---

[1] Although this Court said otherwise in its recent opinion, some of the cases we file in state court are removed and some are not regardless of whether federal claims are asserted. Removable cases are often not removed so I do not know whether a case that could be removed actually will be until I get the notice of removal.

[2] If the true purpose here had been to cause delay, the Jacksons could have contested the motion causing briefing and a hearing that would have caused substantial delay. Instead I agreed to the motion to move on with the case.

[3] This procedure regarding a conference to see if consensus can be reached regarding claims allowed in amended complaints is often required by some judges in the Northern District of Alabama and has worked well in other cases regarding reaching an agreement regarding claims to be included in an amended complaint.

[4] Despite relying on the mortgage contract to foreclose on the property, the Defendants inexplicably took the position that no contract existed in maintaining their motion to dismiss the entire case with prejudice.

decision was rendered on the merits of the case.[5] Furthermore, in the amended complaint I corrected the issue of delineating which counts of the amended complaint applied to which Defendants as counsel for Defendants had maintained to me in our conversations was their main objection to the amended complaint. So while it can be said that all of the errors or deficiencies were not addressed in the amended complaint, it cannot be said that no action was taken. Indeed, there was no dismissal by the District Court for insufficient or improper pleading, and no violation of any court order. Although the magistrate Judge was somewhat critical of the amended complaint, neither he nor the district judge held that the amended complaint was an improper "shotgun" pleading such to dismissal. As such, the appeal here was filed in good faith as to the judgment rendered on the merits and not based on any dismissal related to deficient pleadings. Had there been a dismissal regarding insufficient pleadings there would not have been an appeal filed by me.

## THE REASONS WHY SANCTIONS ARE UNWARRANTED

Having practiced for 25 years without a hint of impropriety, I am deeply saddened and distressed by the Court's accusation and apparent finding that some sort of intentional scheme has been devised by me or my law firm to delay this case- which of course is absolutely false. I have no motive and no interest in delaying anything in this case for the sheer purpose of delaying enforcement of a foreclosure deed. As a law firm handling mortgage and foreclosure cases on behalf of consumers, it is the very nature of my practice to help clients enforce their legal rights under state and federal law and the mortgage contract and prevent wrongful foreclosures. In short, the Jacksons were not paying me for my work in this case so this was nothing more than a routine case to help a client who had been referred from legal services who could not afford a local attorney.

---

[5] While upon reflection I realize the amended complaint is not the ideal model for federal pleadings, that style of pleading has been used by many other attorneys and our firm and survived many motions to dismiss including all previous cases filed in the Southern District of Alabama. As a matter of fact, the form pleadings issued by the renowned National Consumer Law Center include incorporating language for sample claims just like the one I used in this case. The opinion by this Court is the first incident of any case that I have been involved in where I have been advised by a court that "shotgun" pleadings could result in automatic dismissal with prejudice or wherein any such dismissal has occurred. There certainly has never been a mention of sanctions.

4

If delay had been the real motive, the Jacksons could have objected to the motion for more definite statement which would have causing briefing on the issue and a possible hearing. This obviously would have caused delay. Alternatively, the Jacksons could have exercised their right for voluntary dismissal pursuant to Rule 41 before any ruling was issued by the district court in September 2016 and simply refiled the case, which certainly would have resulted in delay. The Jacksons could have also exercised their right to file a Rule 59 motion which may have caused even more delay. Obviously, none of this occurred. As a matter of fact, as previously stated, I tried to avoid unnecessary litigation and delay by reaching out twice to opposing counsel to try to reach an agreement about which counts of the complaint could move forward and which ones could be dismissed by a consensus agreement. This was an effort to save resources and expenses to hopefully reach a quicker resolution of the litigation....not to delay. While we reached such an agreement with Bank of America, the remaining defendants refused to do so causing delays and ultimately causing this appeal. If a consensus had been reached regarding the claims to proceed, the case would have been over some time ago, and there would have never been an appeal. So instead of trying to delay the case, in actuality, I was trying to move it forward. Therefore, I am perplexed as to why this Court would consider imposing sanctions against me when the issue has never been raised before as a problem, the case was not dismissed on that basis, the appeal was not filed on that basis, there was never any intent to do anything that is sanctionable, delay or otherwise, and no sanctions were sought by the opposing side in the appeal.

As to the extensions, they were all unopposed by opposing counsel and granted by this Court without opposition. Most of them were caused by my own chronic health problems but some were for other unfortunate and unexpected personal problems. A few years ago, I was diagnosed with a major life threatening illness which is chronic in nature and incurable. Since that time my health has continued to deteriorate, and I am engaged in a constant battle to maintain my health so that I can continue to work and provide for my family. My health issues have been a real struggle during the last 3 years and have caused me to have to repeatedly ask for extensions of deadlines in cases. Most attorneys and most courts have been very understanding with these health issues and have graciously agreed to extensions or not opposed them. I have a standing letter from my physician which I am providing to this Court which confirms these chronic health

5

problems which worsened in 2016. Consequently, it is these health problems which have greatly affected my work in both the quality and the timeliness, that have caused me to seek numerous extensions of time in many of my cases. That is certainly true here, and any delays sought were for health or other unplanned and unexpected personal problems and certainly not for any motive to delay any case including this one. The motive in such a case as this one would clearly be to expedite the case not delay it. As previously stated, for the most part the delays were caused by my chronic health problems. Unfortunately, however, during this same time period my only brother and only sibling almost died from a Vibrio vulnificus infection and was in the hospital for an extended period of time, and another family member died. I have absolutely no reason and no motive, nor any interest in, delaying this one particular case that has brought me a financial loss and no gain. Certainly not at this cost. My only motive was to assist the Jacksons, and all my other clients, to the best of my ability, given the personal difficulties I was juggling.

Respectfully, this Court is misguided in its accusation that I was somehow trying to prevent the Defendants from exercising their foreclosure rights or enforcing their foreclosure deed. Except as to the extent that the very nature of a consumer practice of enforcing a mortgagor's right leads invariably to potential prevention of foreclosure, there was nothing nefarious nor any iniquitous intent here to illegally impair the Defendants from exercising their legal rights in this matter. For one thing, as previously stated, the foreclosure had already occurred when the suit was filed so there was certainly no improper prevention of foreclosure. Moreover, the Defendants had every right to file and pursue and ejectment proceeding in the Circuit Court of Baldwin County or a counterclaim in the federal district court to seek enforcement of their rights. There was no injunction sought by the Plaintiffs here, and none was in place. Accordingly, the Defendants had every right to enforce their foreclosure deed, the Plaintiffs and their attorney did nothing to legally prevent it, and the Defendants for whatever reason chose not to pursue it. Perhaps they realized that the case has merit and the foreclosure deed was likely to be held invalid or void. From my review of the documents in this case, I am firmly convinced that a proper notice regarding the intent to foreclose was not provided in this case. Since Alabama law requires this as a condition precedent to foreclosure, the foreclosure sale and deed are invalid and unenforceable. Accordingly, the Jacksons have a clear defense to the foreclosure, and their case clearly has merit. If the Court's opinion

6

and actions stand in this case –to strictly adhere to procedural pleading standards regardless of the legal issue or the merits of the case—the end result will likely be preventing the Jacksons' from asserting their legal right to avoid a foreclosure which is probably invalid. That result is completely unfair, overly harsh, and unjust. As previously explained to this Court during oral argument as well as in the briefs in this matter, these pleadings were routinely accepted by all the federal district courts in Alabama as well as all the state courts. Accordingly, I had no way of knowing that this Court would ultimately, on its own motion, uphold a dismissal with prejudice of all claims in the amended complaint when the claims where dismissed in the district court based on a substantive decision on the merits.

The purpose of Rule 38 sanctions is to deter the filings of baseless appeals and to prevent appeals involving clearly frivolous arguments. See Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir.1991), abrogated on other grounds by Bridge, 553 U.S. at 639, 128 S. Ct. at 2131. See also United States v. Single Family Residence & Real Prop., 803 F.2d 625(11th Cir. 1986). However, based on the facts and procedural history of this case, the problems and mistakes that occurred do not rise to the level of sanctionable behavior, and sanctions are not justified in this matter. There was no mal intent and certainly no improper purpose here. There is no bad faith present and nothing was done for delay. As previously stated, the Jacksons had a meritorious defense to the foreclosure sale and at the very least a breach of contract claim due to the foreclosing entity's failure to send a proper notice of intent to accelerate and foreclose as required by the mortgage contact and Alabama law.[6] Moreover, no frivolous arguments were advanced by the Appellant's counsel because the appeal was based on the merits of the case and did not involve making arguments on appeal regarding whether "shotgun pleadings" were sufficient or were adequate in this case since the pleadings were accepted by the district court. Accordingly, there was no sanctionable behavior by the Appellants' counsel.

Furthermore, this Court's decision in this matter is at odds in several ways with another recent published decision from this Court a few months ago. Vibe Micro Inc. v. Shabanets, 878 F.3d 1291(11th Cir. 2018). In this recent published opinion, this Court upheld dismissal with prejudice as to

---

[6] See Ex parte Turner, __ So.3d __ (Ala. 2017); Jackson v. Wells Fargo Bank, *N.A.*, 90 So. 3d 168 (Ala. 2012) and Dysart v. TrustMark National Bank, [No.15-14690](11th Cir. 2018)

7

the federal claims but reversed a district court for a dismissal with prejudice of state law claims where the claims were dismissed on non-merit procedural grounds due to "shotgun" pleadings. Moreover, in <u>Vibe Micro</u> there was a court order issued in that case with specific instructions from the district court of how and what needed to be done to fix the complaint. In addition, the district court gave the attorney in that case two chances to fix the amended complaint; yet it was not fixed. Furthermore, the attorney in that case appealed an order dismissing the "shotgun" pleadings directly to this Court. In that case no sanctions we considered or imposed by either the district court or this Court, and the appeal was not found to be frivolous. In fact, this Court reversed the part of the district court's order dismissing the state law claims with prejudice so that they could be refiled in state court. <u>See Vibe Micro Inc. V. Shabanets</u> 878 F.3d 1291 (11th Cir. 2018). Thus, this Court erred by affirming the dismissal of the Jacksons' state law claims solely on the basis of improper pleadings in this matter. If this Court had followed the case cited above, the appeal would not have been found to be frivolous, and there would be no questions of imposing sanctions for a frivolous appeal. Also, at least the state law claims should have been examined by this Court on the merits or dismissed without prejudice to be refiled in state court.

Moreover, there is nothing in the conduct of the Plaintiffs' counsel which could remotely be considered as acting in bad faith or filing something for delay or even filing something frivolously. What occurred here is simply an attorney representing a litigant to the best of his ability and in the best way that he knows how to represent the client's interest with the limited resources available. Could the amended complaint have been drafted better or with less errors? Absolutely. Was there any bad faith or motive behind the filings? Absolutely not. Were there meritorious legal grounds for filing the claims and this appeal? Certainly. However, it was lack of time and resources and health related problems which caused these imperfect pleadings not some nefarious or diabolical motive of intent to delay.[7] The Court has completely based its conclusion of motives of

---

[7] As this Court noted in its opinion in this case, the historical and traditional way to address a "shotgun" pleading is through repleading which was done in this case to the apparent satisfaction of the magistrate judge and district judge. See, e.g., <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1128-32 (11th Cir. 2001); <u>Ledford v. Peeples</u>, 568 F.3d 1258, 1278 (11th Cir. 2009).

8

schemes to delay solely on false or inaccurate presumptions and conclusions where no evidence of such exists in the record in this case. There is nothing in the record to indicate any intent to improperly delay, any nefarious purpose, or any bad faith because there was none.

I hope that the information provided herein corrects the Court's assumptions and incorrect conclusions about me, my firm, and my intentions in filing and pursuing this case and this appeal. Perhaps, I am guilty of trying to do too much given my limitations, resources, and health which caused my work product to not be up to my usual or the best standards, but there was never any intent to do anything wrong or improper, and certainly no intent to violate any court rules or regulations. In this case, I was only trying to help my clients who have a valid claim save their home, but could not afford to hire a local attorney. As I did at oral argument, I again sincerely apologize to this Court for my mistakes that I made and for any offense that I have caused this Court in any way. I hope the Court understands that these mistakes I made and problems I caused were most assuredly unintentional. For all these reasons, I believe that sanctions are not warranted or appropriate in this matter, and I implore the Court not to issue sanctions against me in this case.

Sincerely,

*Kenneth J Lay*

Kenneth J. Lay

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2018, I have served a copy of this letter on counsel for Appellee by depositing a copy of the same in the United States mail, postage prepaid, addressed to:

Ryan Hebson, Esq.
Burr Forman, LLP
Wells Fargo Tower Suite 3400
420 North 20th Street
Birmingham, AL 35203

*Kenneth J Lay*

Kenneth J. La

9



**Mark Middlebrooks, M.D.**
100 Pilot Medical Drive
Suite 125
Birmingham, AL 35235
Phone: 205-380-0848

7 Aug 2017

To Whom It May Concern:

Re – Kenneth James Lay        DOB 6/20/68

He is currently a patient who is under my care on an ongoing basis for treatment of very serious and potentially life-threatening medical illnesses. In addition, he has other health concerns, including mental health problems. He is currently taking nine (9) different medications on a daily basis to maintain his current state of physical and mental health. Because of various personal issues in his life, which he reported to have begun in November, 2016, the dosage of his anti-depressant medication was increased.

Please do not hesitate to contact me if I may provide additional information.

Mark Middlebrooks, M.D.